Okay, we are moving on to the next case on our docket. We will hear only from counsel for defendant appellates, and that's in Doe v. Pisani, docket number 21-2847. And Ms. Rule, you have seven minutes. Thank you, Your Honors. Thank you. Good morning, and may it please the Court. My name is Katherine Rule, and I represent the defendants appellees in this matter, Officer Vladislav Pisani and Detectives Matt Maskey and Jowdy, who were all employed by the Newtown Police Department at the time of the incident. And this case stems from allegations of sexual abuse from two of the three plaintiffs' minor children and reported to the authorities by Plaintiff's Wife, an investigation including forensic interviews of both children by DCF followed. The issue on appeal in front of Your Honors today is whether these defendants are entitled to qualified immunity based upon their actions. Specifically, did Officer Pisani have arguable probable cause for the arrest warrant, and did Detectives Matt Maskey and Jowdy have arguable probable cause for the search warrants? The pivotal qualified immunity question in front of Your Honors is, even if there was a probable cause, would every reasonable police officer in the same shoes of the three defendants with the same set of facts facing those three defendants have known that there was no probable cause? Counsel, looking at the reasoning of the district court, there are two facts that the district court deems material and in dispute. And I'll focus you on one, which is the allegation made later by John in his deposition in 2018 that Ms. Meyer told him to lie about his father in order to be able to play in the corn pit. So as I understand the way to think about that, we should, tell me if you disagree, we should assume that at least John perceived Ms. Meyer to tell him to lie about his father in exchange for the opportunity to play. And we then ask whether I think we can conclude on this record, undisputed record, that Officer Pisani would have been aware of that. And if so, I mean, I think the thought exercise is essentially to say, well, if you include in Officer Pisani's affidavit that John was told to lie in exchange for being able to play, would there still be arguable probable cause? Am I thinking about that the right way? Yes, Your Honor. I would sort of shift the focus a little bit to a corrective affidavit doctrine. Here, there's not something you could take out. I mean, I suppose you could take out all of what John said in the interview with Ms. Meyer. Yes, and I'm only looking at that doctrine in this way, Your Honor, if that doctrine is utilized as to what the officer knew at the time of the arrest or at the time of the warning. And there's no record evidence that any of the officers knew of any alleged coercion or anything like that. I mean, again, if you accept it as true, if you accept what John testified to in his later deposition as true, that Donna Meyer told him to lie, then certainly we assume that then on that record, Donna Meyer knew that he was told to lie, right? Donna Meyer did, correct. And so your argument is there's nothing from which a reasonable jury could conclude that Officer Pisani knew that assumed fact is true. That's correct. What about her presence in the – I understand the allegation is it took place in the hallway prior to the videotaped interview. There's something in the record to suggest that there's another woman there with Donna Meyer when this occurs. Is there anything from which we could conclude that person is Officer Pisani? No, Your Honor, there's not. And, in fact, I believe in Officer Pisani's affidavit. She denied that that was her. And, again, there needs to be a nexus that even if this was the woman in the hall, she had knowledge that this boy was being coerced to say things that weren't true. Well, if she's present while the alleged coercion takes place, that would follow, wouldn't it? If she was within the proximity of hearing it. Right. Again, I think that there's a couple of levels that need to be there that warrant to make that – So there's nothing in the plaintiff's papers from which a reasonable jury could conclude that it was Officer Pisani in the hallway when Donna Meyer made the alleged coercive statement? That was Opposition, Your Honor. There was nothing in the record that said that Officer Pisani had any knowledge of any coercion. And I'd also like to ask a clarifying question. Our case law permits law enforcement to be skeptical of a witness recanting. Is that correct? Yes. So the officers were not obligated to believe Mother Doe or to credit Mother Doe's recantation or her recitation of what she said? That is correct, Your Honor. And what do you think is the best case that we have for saying that they're not obligated to blindly adhere to a recantation? Is it maybe the Escaleta case? Is that – I believe so, Your Honor. I'm sorry. I don't have it right off the top of my head. And that recantation, they also were not obligated to believe it, and in fact, I did include that in their warrant. So that was in there for the judge to even – Yeah, I mean, it's fully explicated, it seems to me, that Officer Pisani goes through with some detail what Mother Doe was saying about the recantation, the specifics, the psychological reports as well, cutting the other way. So I wonder if, with respect to Judge Perez's question, I mean, I don't know if there's law for this or not, but it would seem particularly in the context of childhood sexual abuse, where you can imagine the pressures upon children and other parents to produce a recantation once this sort of process is rolling. I don't know if we have law for that, for the principle that Judge Perez stated, but specifically the need for that potentially in the context of child sexual abuse allegations. I don't have a cite for that, Your Honor, but I can tell you from discussions with my – especially my youth officers, their obligation is to the child, and a child can become very – feel a tremendous amount of guilt when they see what their allegation or what their reporting has – may happen to the family. And so, yes, for those reasons, it is especially important that the children's initial report is fully – and again, even if that recantation was also included in the body of the application for the judgment of prosecutors to take consideration. Could I just ask you real quick to go back to my question? If I think on this record, based on Officer Pisani's sort of general proximity to the interview that was about to occur, to her involvement with the team and the allegation that there's at least another person present, assume for a moment that I think, well, there's enough there for a reasonable jury to conclude that Officer Pisani was aware of the alleged coercion. How do you still prevail? Your Honor, I would prevail. I believe that a corrected affidavit analysis should have been performed in the district court, and it really wasn't. So I believe even without the – I mean, I – So you're basically saying that her original sworn statement was enough. We don't need the DCF interview. Yes, Your Honor. Is that the argument? That, as well as – and I know that the classmate's accounts were also a fact brought up by the district court that was allegedly properly supported, which we disagree. Again, that deposition testimony was not in front of the officers at the time that they drafted their warrant. True, although I suppose, again, you have to accept what John's saying in his deposition as truth. What he's saying is I told them that I lied about it, not that my dad did this. You could infer that – I suppose you could infer the allegation being made, which is that Officer Pisani somehow fabricated those statements. It's a bit tenuous, but – Well, and it's also late in time. No, I – It's late in time. My point is if the late in time statement is I didn't tell them that my father abused me, I told them that I lied about my father abusing me, then the inference is that when Officer Pisani in 2013 said that the students said that John told them – his father had abused them, that that wasn't true. That's an available, though tenuous, inference from what John later said. Yes, I would argue it's tenuous, not because of – but also because of the time, but because there's nothing in the record that that's not what the classmate's actually told the officer. Right, and there's also – I mean, even before Officer Pisani talked to the classmates, there's – in her affidavit it says there's a family who comes to the police station to provide the information that John had said he'd been abused. Yes, ma'am. Okay. Thank you, Ms. Rule. We will take the case under advisement. Thank you. This concludes the argument of – this includes our argument calendar today. We have two cases on submission. They're McDaniels v. Merton. That's 22451. And Gibbons v. Commissioner of Social Security, 222730. Thank you so much to the court team for making today possible, especially given all of the technical challenges that may happen. I will ask the deputy to adjourn us.